UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Larry James Tyler, | ) | C/A No. 9:12-260-RMG-BM |
| Plaintiff, | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| State of South Carolina;<br>County of Darlington, | ) | |
| Defendants. | ) | |

Plaintiff, Larry James Tyler ("Plaintiff"), a local prisoner in the Darlington County Detention Center in Darlington, South Carolina who is proceeding *pro se*, brings this action seeking injunctive relief. Plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915.[1]

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996); and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). While this Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of

---

[1] Title 28 U.S.C. § 1915A(a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

1



proceeding with the lawsuit, to protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i), (ii), (iii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact," *Denton v. Hernandez*, 504 U.S. at 31; and a claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). Further, while this Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), this mandated liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## BACKGROUND

Plaintiff, a pretrial detainee, files this action on a state prisoner complaint form, seeking only injunctive relief. The form used by Plaintiff is designed for complaints filed pursuant to 42 U.S.C. § 1983.[2] Plaintiff describes the issues that he is attempting to litigate as: "Fast and

---

[2] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by "person(s)" acting "under color of state law." *See Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. *See McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996). In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) individual defendant(s) deprived him of a federal right, and (2) did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *see Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980).

2



speedy trial has not been given. Present proof of the charges. Release." ECF No. 1, p. 2. Plaintiff alleges that he was arrested, in September 2011, for disseminating obscene material to a minor under 12 years of age, based on the accusation that "there were nude photos on a cell phone belonging to me that I offered to the minor and a note that was written to the minor that was indecent and she saw the photos and read the note, per warrant M820128." ECF No. 1, p. 3. Plaintiff alleges that his "initial appearance date is set for June 6, 2012." *Id.*[3]

The instant case has been docketed as a § 1983 claim rather than as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, although Plaintiff's pleading clearly asks this Court to "Make the [state] court give me a fast and speedy trial. Show proof of charges and release me after

---

[3] This Court takes judicial notice of Plaintiff's pending state court proceedings. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir.) (1980) (federal courts may take judicial notice of proceedings in other courts of record); *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979) ("federal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue"). The Court also takes judicial notice of the factual information concerning Plaintiff's criminal charges and custody status posted on the Darlington County government Web site. *See McCormick v. Wright,* No. 2:10-cv-00033-RBH-RSC, 2010 U.S. Dist. LEXIS 13799 at *6-7 n. 5(D. S.C. Jan. 15, 2010) adopted by, dismissed without prejudice by *McCormick v. Wright*, 2010 U.S. Dist. LEXIS 13726 (D.S.C., Feb. 17, 2010); *Williams v. Long*, 585 F. Supp. 2d 679, 685-89 (D. Md. 2008) (noting that some courts have found postings on government Web sites as inherently authentic or self-authenticating). According to the Darlington County Fourth Judicial Circuit Public Index Web site, http://publicindex.sccourts.org/darlington/publicindex/PISearch.aspx?CourtType=G (last visited Feb. 14, 2012), and the Darlington County Detention Center's Current Inmate Listing Web site, http://www.darcosc.com/inmates/icurrent.htm (last visited Feb. 14, 2012), Plaintiff was initially arrested and booked, on September 24, 2011, for Driving Under Suspension. Plaintiff was subsequently arrested, on September 29, 2011, and charged with one count of disseminating obscene material to a minor 12 years of age or younger, and on November 18, 2011, with forty-one (41) additional counts of sexual exploitation of a minor, second degree. On January 5, 2012, Plaintiff was additionally charged with one count of furnishing or possessing contraband as a county prisoner. Plaintiff's bond is set at $147,262.00.

3



finding no proof." ECF No. 1, p. 4. Plaintiff also asks that Defendant Darlington County be ordered to "return all my property and my mother's property from the seiz warrent (sic) they obtained claiming they had a legal reason because of the charges presented in this case. Drop any other charges after this because of the wrongful arrest initially." *Id.* Also, Plaintiff wants "no retaliation or harassment on the part of the sheriff department." Plaintiff refers to S.C. Code §§ 17-23-90, 17-23-120, alleging that he "is entitled to be tried in the above referenced [state court criminal] case within the next two (2) full successive terms of court." *Id.* Plaintiff does not indicate if he is represented by counsel or if he has previously filed a speedy trial motion in his state court criminal proceeding.[4]

Because Plaintiff initially failed to pay the filing fee or submit a Form AO 240 in this case, and because Plaintiff's proposed service documents were incomplete and incorrect, a proper form order was issued in this case, on February 2, 2012 (ECF No. 6). Plaintiff brought the case into proper form, on February 13, 2012, by submitting a Motion for Leave to Proceed *in forma pauperis* (ECF No. 8) and proposed service documents.

## DISCUSSION

Because Plaintiff seeks other relief in addition to his release from custody, the undersigned construes Plaintiff's Complaint as a § 1983 action. However, based on the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971) and its progeny, and based on the fact that release from prison is not a remedy that is available under § 1983, Plaintiff's Complaint should be summarily dismissed. Moreover, even if Plaintiff's Complaint were construed as a petition for writ

---

[4] Plaintiff has another pending § 1983 case in this Court, *Tyler v. Darlington Detention Center, et al.*, C/A No. 9:11-3351-RMG-BM, in which he seeks only to be allowed access to law books.

4



of habeas corpus, this case would still be subject to summary dismissal, under *Younger* and *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484 (1973).

### Release From Prison is Not a Remedy Available Under § 1983

The United States Supreme Court held in *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973), that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Court reiterated that release from prison is not a remedy available under 42 U.S.C. § 1983. Rather, "[h]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck*, 512 U.S. at 481. In *Wilson v. Johnson*, 535 F.3d 262 (4th Cir. 2008), the Fourth Circuit Court of Appeals affirmed the continued authority of *Preiser* and *Heck* as a bar which precludes a current prisoner, who could otherwise bring a habeas action, from seeking habeas-type relief in a § 1983 action:

> In *Preiser v. Rodriguez*, 411 U.S. 475 (1973), a group of state prisoners filed a § 1983 action alleging that the New York State Department of Correctional Services' denial of good-time credits violated their constitutional right to due process. The prisoners sought an injunction to force the prison to restore the credits, a remedy which would have reduced the prisoners' sentences. Despite the "literal applicability" of § 1983, the Supreme Court affirmed the district court's dismissal of the claim because the prisoners' "challenge is just as close to the core of habeas corpus as an attack on the prisoner's conviction, for it goes directly to the constitutionality of his physical confinement itself and seeks either immediate release from that confinement or the shortening of its duration." *Id*. at 489. Because the plaintiffs "sought no [monetary] damages, but only equitable relief-restoration of their good-time credits," *id*. at 494, the Supreme Court expressly limited its holding to the equitable relief sought by the prisoners.

*Wilson*, 535 F.3d at 264.

5



Therefore, any such claim for relief in this case must be dismissed.

**Abstention is Required Under *Younger v. Harris***

In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that a federal court should not interfere with ongoing state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). From *Younger* and its progeny, the Fourth Circuit Court of Appeals has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994). Here, the instant claims relate to a criminal case pending in South Carolina state court. With respect to the second criterion, "[t]he States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). The Supreme Court has also addressed the third criterion in noting "that ordinarily a pending state prosecution provides the accused 'a fair and sufficient opportunity for vindication of federal constitutional rights.'" *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996) (quoting *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)).

Hence, Plaintiff should be able to raise his Fourth and Sixth Amendment claims concerning an alleged improper search and seizure and violation of his right to a speedy trial, and any other constitutional claims, in Plaintiff's state court criminal trial.



**Alleged Deprivation of Personal Property is Not a Basis for a § 1983 Civil Rights Action**

To the extent that Plaintiff Complaint attempts to allege that Plaintiff and Plaintiff's mother were intentionally or negligently deprived of personal property in connection with Plaintiff's arrest and incarceration, Plaintiff's Complaint fails to state a plausible claim that is cognizable under this Court's "federal question" jurisdiction. While the Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law," U.S. Const. amend. XIV, § 1, an intentional deprivation of property by a governmental employee, if unauthorized, does not violate the Due Process Clause if a meaningful post-deprivation remedy for the loss is available. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *see also Mora v. City of Gaithersburg, Md.*, 519 F.3d 216, 230-31 (4th Cir. 2008) (concerning the intentional taking of guns and ammunition from the plaintiff); *Bogart v. Chapell*, 396 F.3d 548, 561-63 (4th Cir. 2005) (finding that intentional destruction of the plaintiff's animals did not violate the due process clause because South Carolina afforded a meaningful post-deprivation remedy for the loss of animals).

In South Carolina, prisoners may bring an action for recovery of personal property against officials who deprive them of property without state authorization. *See McIntyre v. Portee*, 784 F.2d 566, 567 (4th Cir. 1986) (citing S.C. Code Ann. §§ 15-69-10 et seq.). Such an action provides "a post-deprivation remedy sufficient to satisfy due process requirements." *Id.* (citing *Parratt v. Taylor*, 451 U.S. 527 (1981)); *see also Samuel v. Ozmint*, C/A No. 3:07-178-PMD, 2008 U.S. Dist. LEXIS 13900, 2008 WL 512736 at *7 (D.S.C. Feb. 25, 2008) (noting that claims related to the taking of personal property are cognizable under South Carolina state law); *Greene v. Stonebreaker*, C/A No. 9:06-3392-PMD, 2007 U.S. Dist. LEXIS 99007, 2007 WL 2288123 at *6



(D.S.C. Aug.6, 2007) (noting that a person in South Carolina has a remedy for personal property loss through the South Carolina Tort Claims Act). Furthermore, the Due Process Clause is not implicated by a negligent act of a governmental official causing unintended loss of or injury to life, liberty, or property. *Daniels v. Williams*, 474 U.S. 327 (1986); *Pink v. Lester*, 52 F.3d 73, 75 (4th Cir. 1995). Thus, to the extent Plaintiff's claim may sound in negligence, such an action is not cognizable under § 1983. *See DeShaney v. Winnebago Cnty. Dep't of Social Servs.*, 489 U.S. 189, 200-03 (1989) (§ 1983 does not impose liability for violations of duties of care arising under state law).

**A Habeas Petition Under § 2241 is Not Proper in this Circumstances**

Finally, even if Plaintiff's Complaint in this case were to be construed as a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241, this Court would still lack jurisdiction to hear it. Ordinarily, federal habeas corpus relief for a state prisoner is available only post-conviction. Under certain circumstances, however, pretrial petitions for habeas corpus may be brought under 28 U.S.C. § 2241, "which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." *United States v. Tootle*, 65 F.3d 381, 383 (4th Cir. 1995), cert. denied, 517 U.S. 1123 (1996).

However, federal habeas relief is available under § 2241 only if "special circumstances" justify the provision of federal review. *Dickerson v. Louisiana*, 816 F.2d 220, 224-26 (5th Cir. 1987). *See also Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489–90 (1973). While "special circumstances" lacks any precise, technical meaning, courts have looked to whether procedures exist which would protect a petitioner's constitutional rights without pre-trial intervention. *Moore v. DeYoung*, 515 F.2d 437, 449 (3d Cir. 1975). Thus, where a threat to the petitioner's rights may be remedied by an assertion of an appropriate defense in state court, no

8



special circumstances are shown. *Id*. Additionally, where the right may be adequately preserved by orderly post-trial relief, special circumstances are likewise nonexistent. *Moore*, 515 F.2d at 449. *See also, Dickerson*, 816 F.2d at 228 (finding that a request for pretrial habeas relief cannot be considered before the state court has had an opportunity to rule on the issue).

In the instant case, Plaintiff can pursue any claims that he was subjected to an unlawful search and seizure and/or violation of his right to a speedy trial, in state court, both during and after trial. Therefore, Plaintiff fails to demonstrate "special circumstances," or to show that he has no adequate remedy at law and will suffer irreparable injury if denied the requested habeas-type relief. *See Younger*, 401 U.S. at 43-44. Hence, Plaintiff would be precluded from federal habeas relief at this time, and this case would still be summarily dismissed, even if Plaintiff's Complaint were to be construed as a petition for writ of habeas corpus.

## RECOMMENDATION

Accordingly, it is recommended that the Court dismiss the Complaint in this case, without prejudice and without issuance and service of process. Plaintiff's attention is directed to the important notice on the next page.

February 22, 2012  
Charleston, South Carolina

Bristow Marchant  
United States Magistrate Judge



### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636 (b) (1); Fed. R. Civ. P. 72 (b); *see* Fed. R. Civ. P. 6 (a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636 (b) (1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

