IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Larry James Tyler, ) | Civil Action No.: 9:12-cv-260-RMG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| State of South Carolina; ) | |
| County of Darlington, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff, proceeding *pro se* and *in forma pauperis* under 28 U.S.C. § 1915, brings this action alleging that his right to a fast and speedy trial has been violated and asserting that he should be released. Plaintiff's Complaint does not specify whether he is pursuing a claim under 42 U.S.C. § 1983[1] or a petition for habeas corpus. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2) DSC, this case was automatically referred to the United States Magistrate Judge for all pretrial proceedings. On February 22, 2012, the Magistrate issued a Report and Recommendation finding that the Plaintiff's Complaint fails to state a claim upon which relief may be granted and recommending that the Complaint be dismissed without prejudice and without issuance and service of process. (Dkt. No. 12). In the Report and Recommendation, the Magistrate instructed Plaintiff of the deadline for filing objections to the Report and Recommendation and the serious consequences for failing to do so. (*Id.* at 10). Nevertheless, Plaintiff failed to file any objections to the Report and Recommendation. As explained herein, the Court agrees with the findings and recommendation of the Magistrate, adopts the Magistrate's Report and Recommendation in its entirety, and dismisses Plaintiff's Complaint without prejudice and without issuance and service of process.

---

[1] The form used by Plaintiff is designed for complaints filed pursuant to 42 U.S.C. § 1983.

1

## Law/Analysis

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* Where, as here, the Plaintiff fails to file any specific objections, the Magistrate Judge's conclusions may be reviewed only for clear error, *see Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and this Court is not required to give any explanation for adopting the recommendation of the Magistrate. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

Plaintiff, a pretrial detainee in Darlington Detention Center, states in his Complaint that his claim is based on the fact that a "fast and speedy trial has not been given." (Dkt. No. 1 at 2). Plaintiff alleges that he has been arrested since September of 2011 and is set for a June 6, 2012 hearing in the State of South Carolina Municipal Court. (*Id.* at 3).[2] Plaintiff requests that the Court grant him a fast and speedy trial, release him, and return his property. (*Id.* at 4). As thoroughly explained in the Magistrate's Report and Recommendation, Plaintiff's Complaint fails to state a claim upon which relief may be granted and must be summarily dismissed.

To the extent Plaintiff seeks a speedier release pursuant to 42 U.S.C. § 1983, the United States Supreme Court has expressly held that a state prisoner is barred from pursuing such relief

---

[2] The Court takes judicial notice of Plaintiff's state court proceedings. (*See* Dkt. No. 12 at 3 n.3 (Magistrate's Report and Recommendation discussing the status of Plaintiff's state court proceedings and citing authority supporting the Court's decision to take judicial notice of such proceedings)).

under this statute. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding that a state prisoner may not pursue a claim under 42 U.S.C. § 1983, and that the state prisoner's sole federal remedy is a writ of habeas corpus, where "a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment"). Furthermore, Plaintiff's Complaint is barred by the *Younger* abstention doctrine. Under the *Younger* abstention doctrine, a federal court should not interfere with ongoing state criminal proceedings "except in the most narrow and extraordinary circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). As explained in the Magistrate's Report and Recommendation, *Younger* abstention is appropriate in this case. *See Brazell v. Boyd*, 991 F.2d 787 (4th Cir. 1993) (Table) (holding that *Younger* abstention was appropriate where a prisoner sought to raise a speedy trial claim because the prisoner could raise the claim at trial and on direct appeal). Plaintiff may raise his concerns regarding a fast and speedy trial in the state court proceedings.

## Conclusion

For the foregoing reasons, the Court adopts the Report and Recommendation of the Magistrate Judge and dismisses Plaintiff's Complaint without prejudice and without issuance and service of process.

AND IT IS SO ORDERED.

Richard Mark Gergel

United States District Court Judge

March 22, 2012

Charleston, South Carolina

3